UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | | Date | September 21, 2011 |
|---|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**     ORDER TO SHOW CAUSE

   The Court is in receipt of a Complaint filed by plaintiff Memory Control Enterprises, LLC ("Plaintiff").  The Complaint alleges a single claim against defendants Edmunds.com, Inc., K-Swiss Inc. and Sports Warehouse ("Defendants") for patent infringement.  In particular, Plaintiff alleges that each defendant "has indirectly infringed and continues to indirectly infringe at least claims 6 and 9 of the [6,704,791] Patent by knowingly and actively inducing infringement of those claims" through the manner in which they operate their websites and server computers.

   Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

   Based on the factual allegations in the Complaint, it does not appear that Plaintiff's claims against Defendants arise out of the same transaction or occurrence, given that each defendant seems to operate their own websites and server computers allegedly infringing on the patented invention.  The Court therefore orders Plaintiff to show cause in writing, no later than October 3, 2011, why one or more parties should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").  Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served.  Alternatively, Plaintiff may dismiss its claims against all but the first named defendant in this action and file separate actions against each of the remaining defendants, with new complaints and filing fees.

   IT IS SO ORDERED.