PROSKAUER ROSE LLP
Susan L. Gutierrez (State Bar No. 273980)
sgutierrez@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

PROSKAUER ROSE LLP
Steven M. Bauer (admitted *pro hac vice*)
sbauer@proskauer.com
Thomas Hoehner (admitted *pro hac vice*)
thoehner@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

Attorneys for Defendant
EDMUNDS.COM, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY CONTROL ENTERPRISE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EDMUNDS.COM, INC., <br><br> Defendant | Case No. 11-cv-07658 PA (JCx) <br><br> Hon. Percy Anderson <br><br> **DEFENDANT EDMUNDS.COM, INC.'S ANSWER AND COUNTERCLAIMS** <br><br> [Demand For Jury Trial] |

EDMUNDS.COM, INC,

*Plaintiff-in-Counterclaim,*

v.

MEMORY CONTROL ENTERPRISE, LLC,

*Defendant-in-Counterclaim.*

## I. ANSWER

Defendant Edmunds.com, Inc. ("Edmunds" or "Defendant"), by and through its attorneys Proskauer Rose LLP, answers the First Amended Complaint For Patent Infringement ("Amended Complaint") of Memory Control Enterprise, LLC ("MCE" or "Plaintiff") as follows:

### NATURE OF THE SUIT

1. Answering paragraph 1, Edmunds admits that MCE's claim arises under Title 35 of the United States Code. The remaining allegations are legal conclusions to which no admission or denial is required.

### PARTIES

2. Answering paragraph 2, Edmunds admits that U.S. Patent No. 6,704,791 B1 (the "'791 Patent") is entitled "Three Dimensional Experience For Thick and Thin Clients," and appears to have been issued on March 9, 2004. Edmunds further answers that the statements of paragraph 2 are legal conclusions that need not be admitted or denied. To the extent that paragraph 2 states factual allegations, Edmunds

is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies each and every remaining allegation.

3. Answering paragraph 3, Edmunds admits that Edmunds is a New York corporation with a principal place of business at 1620 26th Street, Suite 400 South, Santa Monica, California 90404.

4. Answering paragraph 4, Edmunds admits that it owns, operates and conducts business in this district and in the United States through the website www.edmunds.com. Edmunds further answers that the additional statements of paragraph 4 are legal conclusions that need not be admitted or denied. To the extent paragraph 4 states factual allegations, Edmunds denies each and every remaining allegation.

## VENUE

5. Answering paragraph 5, Edmunds answers that the statements of paragraph 5 are legal conclusions that need not be admitted or denied. To the extent paragraph 5 states factual allegations, Edmunds denies each and every allegation.

## CLAIMS FOR PATENT INFRINGEMENT

6. Answering paragraph 6, Edmunds admits that it owns the website url www.edmunds.com, and denies each and every remaining allegation.

7. Answering paragraph 7, Edmunds admits that it operates the website www.edmunds.com, and denies each and every remaining allegation.

8. Answering paragraph 8, Edmunds states that it is unclear what plaintiff means by providing a website via one or more servers, and therefore denies each and every remaining allegation.

9. Answering paragraph 9, Edmunds admits that it provides images of cars on the website www.edmunds.com, and denies each and every remaining allegation.

10. Answering paragraph 10, Edmunds admits that certain web pages on the website www.edmunds.com have a web page link labeled "360," and denies each and every remaining allegation.

11. Answering paragraph 11, Edmunds admits that activation of the web page link labeled "360" takes a user to a web page that includes a "360° Views" section, and denies each and every remaining allegation.

12. Answering paragraph 12, Edmunds denies each and every allegation in paragraph 12.

13. Answering paragraph 13, Edmunds denies each and every allegation in paragraph 13.

14. Answering paragraph 14, Edmunds admits that it provides images of cars and the "360" web page link on the website www.edmunds.com, and denies each and every remaining allegation.

15. Answering paragraph 15, Edmunds is without information sufficient to admit or deny the allegation, and therefore denies each and every allegation.

16. Answering paragraph 16, Edmunds admits that it received a letter on or about August 15, 2011 from MCE's counsel, Richard B. Megely, Jr. of the firm Niro, Haller & Niro, notifying Edmunds of the '791 Patent and MCE's infringement allegations regarding claims 6 and 9, and denies each and every remaining allegation.

17. Answering paragraph 17, Edmunds denies each and every allegation in paragraph 17.

18. Answering paragraph 18, Edmunds denies each and every allegation in paragraph 18.

19. Answering paragraph 19, Edmunds denies each and every allegation in paragraph 19.

## PRAYER FOR RELIEF

In response to MCE's prayer for relief, Edmunds denies that MCE is entitled to the requested relief from Edmunds, or to any relief whatsoever from Edmunds, and avers that MCE's claims must be dismissed with prejudice, and that the Court should order MCE to pay Edmunds' attorney's fees and costs.

## AFFIRMATIVE DEFENSES

Pleading further, without waiving or limiting the foregoing, and without assuming the burden of proof where the burden properly rests with the MCE, Edmunds hereby asserts the following affirmative defenses to the claims asserted in the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

20. As its first separate and affirmative defense, Edmunds alleges that, on information and belief, MCE has failed to state a claim upon which relief may be granted against Edmunds.

## SECOND AFFIRMATIVE DEFENSE

### (Non-infringement)

21. As its second separate and affirmative defense, Edmunds alleges it has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '791 Patent.

## THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

21. As its third separate and affirmative defense, Edmunds alleges based upon information presently available, and without prejudice to further amendment upon information learned during discovery, that one or more of the claims of the '791 Patent are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, 102, 103, and 112, for reasons including, but not limited to, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, because no claim of the patents can be validly construed to cover any of

Edmunds' products, and because the claims do not embody the best mode contemplated by the inventor of carrying out his invention.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

22. As its fourth separate and affirmative defense, Edmunds alleges that, on information and belief, MCE's claims are barred in whole or in part by the doctrine of prosecution history estoppel. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the '791 Patent, specifically the admissions, representations, and amendments made on behalf of the applicants for such patent, MCE is estopped from asserting any construction of the claims of the '791 Patent to cover or include any apparatus or method made, used, sold, offered for sale, or imported into the United States by Edmunds.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

23. As its fifth separate and affirmative defense, Edmunds alleges that, on information and belief, MCE's claims under the '791 Patent are barred by the doctrine of laches due to MCE's knowledge of Edmunds' allegedly infringing actions, MCE's inexcusable failure to diligently and timely pursue its infringement claims from the time it became aware it had claims against Edmunds, and by virtue of the fact that Edmunds has been materially prejudiced and/or injured, both economically and evidentiarily, by MCE's inexcusable lack of diligence, including (but not limited to)

through the loss of records of third parties pertaining to the prior art, the unreliability of the memories of witnesses who otherwise possess knowledge of the prior art, and Edmunds' substantial investment in the development and marketing of products and technologies that MCE now alleges infringe the '791 Patent.

### SIXTH AFFIRMATIVE DEFENSE
### (Marking)

24. As its sixth separate and affirmative defense, Edmunds alleges that prior to receiving a letter from MCE's counsel on or about August 15, 2011, it had neither actual nor constructive notice of any alleged act of infringement on its part, and that, on information and belief, the lawful owner of the '791 Patent and licensees of MCE had failed substantially and continuously to mark products that embody one or more of the claims of the '791 Patent with proper notice of the '791 Patent, as required by 35 U.S.C. § 287, such that MCE is not entitled to any damages prior to August 15, 2011 pursuant to that provision.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

25. As its seventh separate and affirmative defense, Edmunds alleges that MCE's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver/Equitable Estoppel)

26. As its eighth separate and affirmative defense, Edmunds alleges that, on information and belief, MCE has intentionally relinquished its known right or

privilege to assert infringement of the '791 Patent, and/or to recover certain remedies for infringement of the '791 Patent, and hence MCE's claims in this action are barred or unenforceable in whole or in part due to waiver and/or equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE
(Patent Misuse)

27. As its ninth separate and affirmative defense, Edmunds alleges that, on information and belief, MCE has misused the '791 Patent by the maintenance of this action, in bad faith, when it should have known that the patent was invalid or that it had no valid claim of patent infringement against Edmunds.

### TENTH AFFIRMATIVE DEFENSE
(Not an Exceptional Case)

28. As its tenth separate and affirmative defense, Edmunds alleges that MCE cannot prove that this is an exceptional case justifying an award of attorney's fees and costs against Edmunds pursuant to 35 U.S.C. § 285.

### II. COUNTERCLAIMS

For its Counterclaims against Memory Control Enterprises, LLC ("MCE"), Edmunds.com, Inc. ("Edmunds") alleges as follows:

### JURISDICTION AND VENUE

29. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

-9-
ANSWER OF DEFENDANT EDMUNDS.COM, INC.
(Case No. 11-cv-07658 PA (JCx))

30. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

31. MCE has voluntarily submitted to the jurisdiction of the United States District Court for the Central District of California as a result of initiating the present action within this Court. The United States District Court for the Central District of California has personal jurisdiction over MCE for purposes of Edmunds' declaratory judgment Counterclaims.

32. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c). If the Court determines that venue for the action underlying the Amended Complaint is proper in the United States District Court for the Central District of California, then venue over these Counterclaims is also proper by virtue of MCE having filed its Amended Complaint in this judicial district.

## THE PARTIES

33. Plaintiff-in-Counterclaim, Edmunds, is a corporation organized under the laws of the State of New York having its principal place of business located at 1620 26th Street, Suite 400 South, Santa Monica, California 90404.

34. In its First Amended Complaint For Patent Infringement (Dkt. No. 12) ("Amended Complaint"), Defendant-in-Counterclaim, MCE, has alleged that it is a limited liability company having a principal place of business located at 82A Railroad Street, Crystal Lake, Illinois 60014.

-10-
ANSWER OF DEFENDANT EDMUNDS.COM, INC.
(Case No. 11-cv-07658 PA (JCx))

35. By its Amended Complaint in the present action, MCE has alleged that it is the owner of U.S. Patent No. 6,704,791 B1 ("the '791 Patent"). MCE further alleged that Edmunds has infringed and continues to infringe the '791 Patent.

36. By filing its Amended Complaint and alleging infringement on the part of Edmunds, MCE has created a reasonable apprehension on the part of Edmunds that MCE will maintain this lawsuit against Edmunds or will initiate additional lawsuits against Edmunds for infringement of the '791 Patent, and such apprehension will persist even if MCE were to subsequently dismiss this lawsuit. For these reasons, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

37. As set forth in the Amended Complaint and in the Answer to which these Counterclaims are appended, a justiciable controversy has arisen and exists between Edmunds and MCE concerning the validity, enforceability, and scope of the '791 Patent, as well as Edmunds' liability for any alleged infringement of the '791 Patent.

## STATEMENT OF CLAIMS

### COUNT I
*(Declaratory Judgment of Non-Infringement)*

38. Edmunds realleges and incorporates herein all allegations in paragraphs 29-37 as set forth above.

39. Edmunds has not infringed any asserted claim of the '791 Patent.

40. Edmunds has never induced, nor does it now induce, infringement of any claim of the '791 Patent.

41. Edmunds has never contributorily infringed, nor does it now contributorily infringe, any claim of the '791 Patent.

42. Edmunds is entitled to a declaratory judgment that it has not directly, contributorily, or by inducement, infringed any claim of the '791 Patent.

## COUNT II
### (*Declaratory Judgment of Invalidity*)

43. Edmunds realleges and incorporates herein all allegations in paragraphs 29-42 as set forth above.

44. The claims of the '791 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

43. Edmunds is entitled to a declaratory judgment that the claims of the '791 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Edmunds prays that this Court enter judgment:

A. That MCE's Amended Complaint be dismissed with prejudice;

B. That the asserted claims of the '791 Patent be found not infringed by any actions of Edmunds or its customers, suppliers, users, licensees, vendors or vendees, or others using Edmunds' products or services either alone or in combination with any other product;

C. That the claims of the '791 Patent be found invalid, void and unenforceable;

ANSWER OF DEFENDANT EDMUNDS.COM, INC.
(Case No. 11-cv-07658 PA (JCx))

D.   That MCE be ordered to pay the costs incurred by Edmunds in responding to this action and Edmunds' reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

E.   That Edmunds be granted such other and further relief as this Court deems just and equitable under the circumstances.

### JURY DEMAND

Edmunds demands a trial by jury to all issues so triable.

DATED: November 18, 2011            PROSKAUER ROSE LLP

　　　　　　　　　　　　　　　　　　　　/s/ *Susan L. Gutierrez*
　　　　　　　　　　　　　　　　　　Susan L. Gutierrez (State Bar No. 273980)
　　　　　　　　　　　　　　　　　　2049 Century Park East, 32nd Floor
　　　　　　　　　　　　　　　　　　Los Angeles, CA  90067-3206
　　　　　　　　　　　　　　　　　　Telephone:   (310) 557-2900
　　　　　　　　　　　　　　　　　　Facsimile:    (310) 557-2193
　　　　　　　　　　　　　　　　　　sgutierrez@proskauer.com

　　　　　　　　　　　　　　　　　　Steven M. Bauer (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Thomas Hoehner (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　One International Place
　　　　　　　　　　　　　　　　　　Boston, MA  02110-2600
　　　　　　　　　　　　　　　　　　Telephone:   (617) 526-9600
　　　　　　　　　　　　　　　　　　Facsimile:    (617) 526-9899
　　　　　　　　　　　　　　　　　　sbauer@proskauer.com
　　　　　　　　　　　　　　　　　　thoehner@proskauer.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Edmunds.com, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011, I electronically filed the attached DEFENDANT EDMUNDS.COM, INC.'S ANSWER AND COUNTERCLAIMS with the Clerk's Office using the CM/ECF System for filing, which transmitted a Notice of Electronic Filing to the following CM/ECF registrants:

Sean M. Kneafsey
Shaun Swiger
KNEAFSEY & FRIEND LLP
800 Wilshire Blvd. Ste. 710
Los Angeles, CA 90017

Raymond P. Niro (*pro hac vice*)
Richard B. Megley, Jr. (*pro hac vice*)
Brian E. Haan (*pro hac vice*)
Anna B. Folgers (*pro hac vice*)
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602-4515

DATED: November 18, 2011

PROSKAUER ROSE LLP

/s/ *Susan L. Gutierrez*
Susan L. Gutierrez (State Bar No. 273980)
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
sgutierrez@proskauer.com

Steven M. Bauer (admitted *pro hac vice*)
Thomas Hoehner (admitted *pro hac vice*)
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
thoehner@proskauer.com

*Attorneys for Defendant Edmunds.com, Inc.*

---

ANSWER OF DEFENDANT EDMUNDS.COM, INC.
(Case No. 11-cv-07658 PA (JCx))