UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss and Motion to Strike filed by plaintiff Memory Control Enterprise, LLC ("Plaintiff"). (Docket No. 37.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 9, 2012 is vacated, and the matter taken off calendar.

### I.   Background

Plaintiff alleges that defendant Edmunds.com, Inc. ("Defendant") indirectly infringed and continues to indirectly infringe Plaintiff's patent. In its Answer and Counterclaims, Defendant included both a counterclaim for Declaratory Judgment of Invalidity and an affirmative defense for Patent Invalidity. (Docket No. 33.)

Now, Plaintiff moves to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6), and to strike the affirmative defense under Rule 12(f). Defendant opposes the Motion and, in the alternative, requests leave to amend its Answer and Counterclaims.

### II.   Motion to Dismiss Counterclaim

#### A.   Standard on Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (internal quotation omitted). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).

In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

    **B.**    **Defendant's Counterclaim**

Defendant contends that Twombly and Iqbal do not apply to its counterclaim for Declaratory Judgment of Invalidity. In support of its argument, Defendant cites a case from this district, Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156 (C.D. Cal. 2010), which held that "declaratory judgment claims of invalidity [are not subjected] to the heightened pleading standards of Twombly and Iqbal." Id. at 1158–59.

The Microsoft court noted that "because Federal Rule of Civil Procedure 84 requires a court to accept as sufficient any pleading made in conformance to the Forms, a court must find a bare allegation of direct infringement in accordance with Form 16, now Form 18, sufficient under Rule 8(a)(2) to state a claim." Id. at 1158 (citing McZeal v. Sprint Nextal Corp., 501 F.3d 1354, 1360–62 (Fed. Cir. 2007). The Court then held, "With respect to invalidity counterclaims, . . . it would be incongruous to require heightened pleading when the pleading standard for infringement does not require facts such as 'why the accused products allegedly infringe' or 'to specifically list the accused products.'" Microsoft, 741 F. Supp. 2d at 1159 (quoting Teirstein v. AGA Med. Corp., 2009 WL 704138, at *5 (E.D. Tex. Mar. 16, 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

Rule 84 provides, "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Form 18, which is appended to the Federal Rules of Civil Procedure and sets forth a sample complaint for patent infringement, includes only the following elements: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owned the patent throughout the period of the defendant's alleged infringement; (3) a statement that the defendant infringed the patent by making, selling, and using a device embodying the patent, and will continue to do so unless enjoined by the court; (4) a statement that the plaintiff has given notice to the defendant of the alleged infringement; and (5) a demand for an injunction and damages.

The present case is distinguishable from Microsoft. The Microsoft court based its holding in part on that court's specific requirements in patent cases: "[M]inimal pleading of direct infringement is sufficient because this Court requires the prompt filing of infringement contentions, which put the party accused of infringement on detailed notice of the basis for the allegations against it." Microsoft, 741 F. Supp. 2d at 1159. In patent cases before this Court, a defendant must file its invalidity contentions thirty days after the plaintiff has filed its infringement contentions. In this case, the Court ordered Plaintiff to file its infringement contentions on or before February 21, 2012, after which Defendant has thirty days to file its invalidity contentions. Defendant filed the pleading now at issue on November 18, 2011, several months before Defendant will need to file its invalidity contentions. Even if the Microsoft court had similar requirements, this Court does not find that its own local rules require a "prompt" filing of invalidity contentions.

Furthermore, although Form 18 requires relatively bare allegations of infringement, it still requires enough factual allegations to put the defendant on notice of the plaintiff's claims. In contrast, Defendant's counterclaim for Declaratory Judgment of Invalidity reads, "The claims of the '791 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability." (Answer and Counterclaims ¶ 44.)

The counterclaim does incorporate the previous paragraphs. However, even construed as incorporating Defendant's Third Affirmative Defense for Patent Invalidity, the counterclaim becomes only slightly more specific. Instead of merely stating that the patent is invalid because it fails to comply with one or more provisions of Title 35, the affirmative defense includes four sections of that title, §§ 101, 102, 103, and 112, under which one or more claims of the patent fail to meet their "conditions of patentabiltiy." (Answer and Counterclaims ¶ 21.) The affirmative defense then provides a non-exhaustive list of various grounds for invalidity:

> because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, because no claim of the patents can be validly construed to cover any of [Defendant's] products, and because the claims do not embody the best mode contemplated by the inventor of carrying out his invention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

(Answer and Counterclaims ¶ 21.) Merely reciting possible ways that a patent can be held invalid, stated in such a conclusory manner, with absolutely no facts supporting it, hardly provides fair notice to Plaintiff. Further, Defendant identifies no subsections in either its counterclaim or its affirmative defense. As Plaintiff correctly notes,

> Section 102 provides seven subsections. At least five of these subsections, in turn, set forth numerous independent and far-ranging grounds for invalidating a patent claim, such as prior public use, prior offer to sell, prior printed-publication, abandonment, prior patenting in a foreign country by the inventor of his or her legal representatives or assigns, prior published patent applications by others, prior issued patents by others, non-joinder of inventors, prior invention by others and the like.

(Motion at 8 (citing 35 U.S.C. § 102(a)-(g)).)

Therefore, the Court does not find it incongruous to require heightened pleading for a counterclaim for declaratory judgment of invalidity when the pleading standard for infringement only needs to meet Form 18's level of particularity. Form 18 puts the opposing party on sufficient notice. Defendant's counterclaim does not.

Moreover, while the Appendix of the Federal Rules of Civil Procedure includes a form for patent infringement, it includes no such form for patent invalidity. Until such a form is included, defendants must meet the pleading standard the Supreme Court announced in Twombly and Iqbal. Just as Twombly and Iqbal did not rewrite the Federal Rules of Civil Procedure — thus, Rule 84 still applies, and Form 18 still suffices — a court cannot write into the Federal Rules a form for a claim for declaratory judgment of patent invalidity. Therefore, Defendant's counterclaim for Declaratory Judgment of Invalidity is dismissed with leave to amend.

### III. Motion to Strike Affirmative Defense

#### A. Standard for Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of Migliaccio v. Midland Nat'l. Life Ins. Co., 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Moreover, when considering a motion to strike, courts must view the pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

in the light more favorable to the pleader." Id. (quoting Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

Indeed, "[t]o strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (internal quotation and citation omitted).

### B.  Defendant's Affirmative Defense

Plaintiff moves to strike Defendant's Third Affirmative Defense for Patent Invalidity. No Court of Appeals, including the Ninth Circuit, has yet ruled on whether the Twombly and Iqbal "plausibility" standard applies to affirmative defenses. District courts in the Ninth Circuit disagree on the issue. Compare Gessele v. Jack in the Box, Inc., 2011 WL 3881039, at *2 (D. Or. Sept. 2, 2011) (finding that Twombly and Iqbal apply to affirmative defense) with J & J Sports Prods., Inc. v. Scarce, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (declining to extend Twombly to affirmative defenses).

District courts holding that the heightened standard applies reason that if a plaintiff's claims are subject to Twombly and Iqbal, then it is only right to similarly subject a defendant's affirmative defenses to this standard. For example, in Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647 (D. Kan. 2009), the court held,

> It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case.

Id. at 650.

However, Twombly addressed only Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Likewise, in Iqbal, the Supreme Court reasoned that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'shown' – that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (emphasis added). In contrast to Rule 8(a), which governs claims, Rule 8(b), which governs defenses generally, provides that "in responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Furthermore, Rule 8(c)(1), which governs affirmative defenses in particular, provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Rule 8(b) and Rule 8(c) contain no language that pleaders must "show" that they are entitled to relief. See Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7658 PA (JCx) | Date | February 8, 2012 |
|---|---|---|---|
| Title | Memory Control Enterprise, LLC v. Edmunds.com, Inc. | | |

Moreover, as the Wells Fargo court reasoned,

> [P]laintiffs and defendants are in much different positions. Typically, a plaintiff has months — often years — to investigate a claim before pleading that claim in federal court. By contrast, a defendant typically has 21 days to serve an answer. Fed. R. Civ. P. 12(a)(1)(A)(I). Whatever one thinks of Iqbal and Twombly, the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

Id. Also, unlike claims, affirmative defenses do not require a responsive pleading.

The Court also finds it relevant that the standard for a motion to dismiss differs from the standard for a motion to strike. Unlike motions to dismiss, motions to strike are disfavored and will not be granted "unless it is clear that it can have no possible bearing upon the subject matter of the litigation."

Accordingly, Plaintiff's Motion to Strike is denied.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's counterclaim for invalidity is granted, and Plaintiff's Motion to Strike Defendant's affirmative defense for invalidity is denied. Defendant must file an amended Answer and Counterclaims no later than February 22, 2012.

IT IS SO ORDERED.